Chief Judge David G. Estudillo

FILED LODGED
RECEIVED
MAR 13 2024
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM TRIPP,

Defendant.

NO. 23-5085-DGE-25

**PLEA AGREEMENT**

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorneys Zachary W. Dillon and Max B. Shiner of the Western District of Washington, and Defendant William Tripp and his attorneys, Michael Filipovic and Rachel Forde, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1. **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter pleas of guilty to the charges brought by the United States Attorney in a Superseding Information.

2. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Superseding Information.

Plea Agreement - 1
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

a. *Conspiracy to Distribute Controlled Substances*, as charged in Count 1 of the Superseding Information, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C);

b. *Possession of a Firearm by a User of Controlled Substances,* as charged in Count 2 of the Superseding Information, in violation of Title 18, United States Code, Section 922(g)(3);

c. *Assault of an Officer or Employee of the United States*, as charged in Count 3 of the Superseding Information, in violation of Title 18, United States Code, Section 111(a); and

d. *Assault of an Officer or Employee of the United States*, as charged in Count 4 of the Superseding Information, in violation of Title 18, United States Code, Section 111(a).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

a. The elements of *Conspiracy to Distribute Controlled Substances*, as charged in Count 1 of the Superseding Information, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C), are as follows:

i. First, beginning at a time unknown and continuing until on or about December 14, 2022, there was an agreement between two or more persons to distribute controlled substances including fentanyl and methamphetamine; and

//

Plea Agreement - 2
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

     ii. Second, Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

  b. The elements of *Possession of a Firearm by a User of Controlled Substances,* as charged in Count 2 of the Superseding Information, in violation of Title 18, United States Code, Section 922(g)(3), are as follows:

     i. First, Defendant knowingly possessed a firearm, that is, a Glock 26 9mm caliber handgun;

     ii. Second, the firearm that Defendant possessed had been shipped or transported from one state to another or between a foreign nation and the United States;

     iii. Third, at the time Defendant possessed the firearm, Defendant was an unlawful user of a controlled substance defined in Title 21, United States Code, Section 802; and

     iv. Fourth, at the time Defendant possessed the firearm, Defendant knew he was an unlawful user of a controlled substance defined in Title 21, United States Code, Section 802.

  c. The elements of *Assault of an Officer or Employee of the United States*, as charged in Count 3 and Count 4 of the Superseding Information, in violation of Title 18, United States Code, Section 111(a), are as follows:

     i. First, Defendant forcibly assaulted the victim set forth in the Superseding Information;

     ii. Second, Defendant did so while the victim was engaged in, or on account of the victim's official duties; and

     iii. Third, Defendant made physical contact with the victim of the assault.

There is forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another.

Plea Agreement - 3
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

4. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

    a. For the offense of *Conspiracy to Distribute Controlled Substances*, as charged in Count 1 of the Superseding Information: A maximum term of imprisonment of 20 years; a fine of up to $1,000,000; a period of supervision following release from prison of at least three years and up to a period of life; and a mandatory special assessment of $100.

    b. For the offense of *Possession of a Firearm by a User of Controlled Substances*, as charged in Count 2 of the Superseding Information: A maximum term of imprisonment of 15 years; a fine of up to $250,000; a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100.

    c. For the offense of *Assault of an Officer or Employee of the United States*, as charged in Count 3 and Count 4 of the Superseding Information: A maximum term of imprisonment of eight years; a fine of up to $250,000; a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

//

Plea Agreement - 4
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before a jury of Defendant's peers;

//
//

Plea Agreement - 5
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 6
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses and that each of the actions described below constitute relevant conduct to the charged offenses:

a. Beginning no later than early 2022, and continuing until at least March 22, 2023, there was an agreement between two or more persons to distribute controlled substances, including fentanyl and methamphetamine, in the Western District of Washington and elsewhere. Beginning at a time unknown, and continuing until at least December 14, 2022, Defendant William Tripp joined the agreement, knowing of its purpose, and intending to help accomplish that purpose. In furtherance of the conspiracy, Defendant engaged in at least the following conduct:

i. On December 14, 2022, Defendant Tripp agreed with a co-conspirator ("Co-Conspirator 24") to drive Co-Conspirator 24 to meet with another co-conspirator ("Co-Conspirator 2"), for the purpose of Co-Conspirator 24 obtaining controlled substances for further distribution. On that date, Defendant Tripp, driving a

Plea Agreement - 7
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

silver Ford Focus, drove Co-Conspirator 24 to Puyallup, Washington, to meet with Co-Conspirator 2.

    ii. Following the meeting with Co-Conspirator 2, Defendant Tripp, who was driving the Ford Focus, and Co-Conspirator 24, who was a passenger, were stopped by the Puyallup Police Department on State Route 512 in Puyallup. At that time and place, defendant possessed, in a backpack located on the rear driver's side floorboard, a plastic bag containing approximately 1,041 blue pills containing fentanyl, with a net weight of approximately 110 grams, that were stamped with "M" and "30." In the same backpack, defendant possessed approximately 860 grams of pure methamphetamine. The main compartment of the backpack where these items were found was secured with a padlock, and Defendant Tripp supplied officers with the combination to the lock. Defendant Tripp jointly possessed the controlled substances found in the backpack as part of the conspiracy to distribute controlled substances.

    iii. In the trunk of the Ford Focus, Defendant Tripp possessed a black plastic container that was secured with padlocks for which Tripp provided the combination. Inside this container were the following: a digital scale, a bundle of plastic ziplock baggies, and a tray that was coated with methamphetamine residue. In addition, Co-Conspirator 24 possessed, in his pants pocket, a plastic bag containing approximately 159 additional blue pills containing fentanyl, with a net weight of approximately 17.5 grams, that were stamped with "M" and "30."

  b. At the same time and place, while driving the Ford Focus, Defendant Tripp knowingly possessed, in a holster attached to his right hip, a Glock 26 9mm caliber handgun, which had been manufactured outside of the state of Washington and had thus been shipped or transported in interstate and foreign commerce. At the time that he possessed the Glock 26 9mm caliber handgun, Defendant Tripp was, and knew that he was, a user of unlawful controlled substances listed in Title 21, United States Code,

//

Plea Agreement - 8
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Section 802, specifically, opiate narcotic drugs including fentanyl, a Schedule II under Title 21 of the United States Code.

      c.      On January 12, 2024, Defendant Tripp was detained at the Federal Detention Center (FDC) SeaTac in King County, within the Western District of Washington. On that date, N.G. was a correctional officer for the United States Bureau of Prisons (BOP), and M.C. was a correctional counselor for the BOP, and thus both were officers and employees of the United States and of an agency of the United States Government and both were actively engaged in their official duties. On that date, at approximately 12:35 p.m., while in unit DC of the FDC, Defendant Tripp approached N.G. from behind, grabbed N.G.'s left shoulder, and intentionally began punching N.G. on the left side of the head, making physical contact with N.G. with a closed fist. After N.G. turned to face Tripp, Tripp continued striking N.G. with a closed fist. At that time, M.C. approached Tripp while he was assaulting N.G. and attempted to control Tripp by deploying OC spray. Tripp then intentionally punched M.C., making physical contact with M.C.'s face with a closed fist. As a result of the assault, N.G. sustained pain to his head and developed redness and swelling to his left ear.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

    10.    **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

      a.      A base offense level of 34 as to Count 1 because the relevant conduct involved at least 10,000 kilograms, but less than 30,000 kilograms, of converted drug weight, pursuant to USSG § 2D1.1(c)(3).

//

Plea Agreement - 9
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

        b.     A base offense level of 7 as to Count 3 and Count 4, because the offense involved physical contact, pursuant to USSG § 2A2.3(a)(1).

        c.     A two-level increase in offense level as to Count 3 and Count 4, because a victim sustained bodily injury, pursuant to USSG § 2A2.3(b)(1)(A).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offense(s) of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea(s) to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be

//

Plea Agreement - 10
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

responsible for any order by the District Court requiring the payment of restitution for such losses.

   a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that Defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

   b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's

Plea Agreement - 11
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

        c.       The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

13. **Forfeiture of Assets**. Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of his commission of *Conspiracy to Distribute Controlled Substances*, as charged in Count 1 of the Superseding Information, and any of Defendant's property that was used, or intended to be used, in any manner or part, to commit, or to facilitate his commission of, the offense. Such property is forfeitable pursuant to Title 21, United States Code, Section 853(a).

Defendant further agrees to forfeit to the United States immediately all of his right, title, and interest in any firearm or ammunition used or involved in his commission of *Possession of a Firearm by a User of Controlled Substances,* as charged in Count 2 of the Superseding Information. Such property is forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c).

//

Plea Agreement - 12
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of, or were used or intended to be used to facilitate the commission of, the offense charged in Count 1 of the Superseding Information, or are firearms or ammunition involved in the offenses charged in Count 2 of the Superseding Information.

14. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and to dismiss the charges in the Indictment as against Defendant. In this regard, Defendant recognizes the United States has agreed not to prosecute all the criminal charges the evidence establishes were committed by

Plea Agreement - 13
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is

Plea Agreement - 14
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to

Plea Agreement - 15
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 12 day of March, 2024.

_____
WILLIAM TRIPP
Defendant

_____
MICHAEL FILIPOVIC/RACHEL FORDE
Attorney for Defendant

_____
VINCENT T. LOMBARDI
Assistant United States Attorney

_____
ZACHARY W. DILLON/MAX B. SHINER
Assistant United States Attorney

Plea Agreement - 16
*United States v. William Tripp*, CR23-5085-DGE-25

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800