Judge David G. Estudillo

```
FILED          LODGED
          RECEIVED
      NOV 20 2024
      CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 23-5085-DGE-1 |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| JESSE JAMES BAILEY, | |
| Defendant. | |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorneys Zachary W. Dillon and Max B. Shiner of the Western District of Washington, and Defendant JESSE JAMES BAILEY and his attorney, Brent Hart, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1.      **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter pleas of guilty to the charges brought by the United States Attorney in a Superseding Information.

2.      **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Superseding Information:

Plea Agreement - 1
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

a.    *Conspiracy to Distribute Controlled Substances*, as charged in Count 1, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A);

b.    *Possession of a Firearm in Furtherance of a Drug Trafficking Crime,* as charged in Count 2, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and

c.    *Conspiracy to Commit Money Laundering*, as charged in Count 3, in violation of Title 18, United States Code, Section 1956(h).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.    **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

a.    The elements of *Conspiracy to Distribute Controlled Substances*, as charged in Count 1, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), are as follows:

i.    First, beginning at a time unknown and continuing until on or about March 22, 2023, there was an agreement between two or more persons to distribute controlled substances including fentanyl, methamphetamine, and heroin; and

ii.    Second, Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

b.    The elements of *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, as charged in Count 2, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), are as follows:

Plea Agreement - 2
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

i.      First, Defendant committed the crime of *Conspiracy to Distribute Controlled Substances*, as charged in Count 1 of the Superseding Information, which is a drug trafficking crime;

ii.      Second, Defendant knowingly possessed at least one of the firearms described in the Superseding Information; and

iii.      Third, Defendant possessed the firearm in furtherance of the crime of *Conspiracy to Distribute Controlled Substances.*

c.      The elements of *Conspiracy to Commit Money Laundering*, as charged in Count 3, in violation of Title 18, United States Code, Section 1956(h), are as follows:

i.      First, there was an agreement to commit money laundering;

ii.      Second, Defendant knew the objective of the agreement; and

iii.      Third, Defendant joined the agreement with the intent to further its unlawful purpose.

4.      **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

a.      For the offense of *Conspiracy to Distribute Controlled Substances*, as charged in Count 1: A maximum term of imprisonment of up to life imprisonment and a mandatory minimum term of imprisonment of ten years, a fine of up to $10,000,000, a period of supervision following release from prison of at least five years and up to a lifetime term of supervision, and a mandatory special assessment of $100.

b.      For the offense of *Possession of a Firearm in Furtherance of a Drug Trafficking Offense,* as charged in Count 2: A maximum term of imprisonment of up to life imprisonment and a mandatory minimum term of imprisonment of five

Plea Agreement - 3
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

years that must be served consecutively to any other sentence, a fine of up to $250,000, a period of supervision following release from prison of up to five years, and a mandatory special assessment of $100.

c.    For the offense of *Conspiracy to Commit Money Laundering*, as charged in Count 3: A maximum term of imprisonment of up to twenty years, a fine of up to $500,000 or twice the value of the funds involved in the conspiracy, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100.

**Drug Offense - Proof of Drug Quantity for Mandatory Minimum.** Defendant further understands that, in order to invoke the statutory sentence for the drug offense charged in Count 1, the United States must prove that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, and/or 1,000 grams or more of a mixture or substance containing a detectable amount of heroin. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, and 1,000 grams or more of a mixture or substance containing a detectable amount of heroin.

Plea Agreement - 4
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5.    **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

Plea Agreement - 5
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

6.      **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.      The right to plead not guilty and to persist in a plea of not guilty;

b.      The right to a speedy and public trial before a jury of Defendant's peers;

c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.      The right to confront and cross-examine witnesses against Defendant at trial;

f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

7.      **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to

Plea Agreement - 6
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.    **Statement of Facts.** The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses and that each of the actions described below constitute relevant conduct to the charged offenses:

a.    Beginning at a time unknown, and continuing until at least March 22, 2023, Defendant Jesse James Bailey ("Bailey") conspired with others, known and unknown, to distribute controlled substances, including methamphetamine, fentanyl, and heroin, within the Western District of Washington and elsewhere, including Idaho

//

Plea Agreement - 7
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

and Alaska. In furtherance of the conspiracy, Bailey engaged in at least the following conduct:

i.      On February 7, 2022, Bailey met a co-conspirator in Centralia, Washington, for the purpose of distributing controlled substances to the co-conspirator.

ii.      On February 11, 2022, in a storage unit rented by a co-defendant ("Co-Defendant Y") located at Prime Storage in University Place, Washington, Bailey jointly possessed, with the intent to distribute, several packages of methamphetamine containing a total of 3,071.1 grams of actual methamphetamine, and 1,252.2 grams of pills containing fentanyl. The pills were blue and stamped with "M" and "30," the trade insignia for legitimately manufactured Oxycodone. Also located in the storage unit was $210,781 in United States currency that represented proceeds of drug trafficking, along with drug trafficking paraphernalia including a kilo press, drug packaging materials, and a digital scale.

iii.      On February 11, 2022, in the same storage unit in University Place, Washington, Bailey possessed firearms, including the following: an AR-15 type rifle, a Sun City Machinery 20-gauge shotgun, a Mossberg 930 12-gauge shotgun, a Smith & Wesson 500 revolver, a Heckler & Koch P30 pistol, a Heckler & Koch HK416 pistol, an Aero Precision X15 rifle with serial number X332532, an Aero Precision X15 rifle with serial number X384302, an Aero Precision Freedom rifle with serial number 14481-July4, an Aero Precision M4E1 rifle equipped with a firearm silencer, an Aero Precision M5 rifle, an Aero Precision Betsy rifle, an Aero Precision EPC-9 rifle with serial number SF-031095 equipped with a firearm silencer, an Aero Precision EPC-9 rifle with serial number SF-011187, a Glock 21 handgun, a Glock-type Polymer80 handgun with no serial number, a Glock 19 handgun, a Glock 17 handgun, a black Polymer 80 handgun, a silver firearm silencer, and a black firearm silencer, with no serial number. Jesse Bailey possessed these firearms at least in part for the protection of himself, his

Plea Agreement - 8
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

drugs, and his drug proceeds, in furtherance of the drug trafficking conspiracy charged in Count 1. Along with these items in the storage unit were four firearms silencers, bulk ammunition of various caliber and manufacture, firearm magazines, firearm parts and accessories.

iv.    On July 28, 2022, in a lawfully intercepted and recorded phone call, Bailey informed Co-Defendant Y about a meeting Bailey had just had with a co-conspirator who had agreed to supply fentanyl pills and methamphetamine to Bailey. Bailey stated that the prices were about the same as they were getting but that the co-conspirator had 800,000 pills available for 70 cents per pill, and Co-Defendant Y said that sounded perfect. In a subsequent call, Bailey and Co-Defendant Y discussed the price they would sell the pills for if they purchased them for 70 cents.

v.    On August 6, 2022, in a lawfully intercepted and recorded phone call, Bailey discussed with a co-conspirator, with whom Bailey partnered in distributing drugs, getting methamphetamine from their supplier. Bailey asked if the co-conspirator got the 500 pounds, and the co-conspirator told Bailey that he got 50 pounds of methamphetamine the night before and that he should get another 50 pounds of methamphetamine that day. In subsequent calls, Bailey and the co-conspirator discussed payments for the methamphetamine as well as the quantities of narcotics they had on hand at a storage unit.

vi.    On August 8, 2022, in a lawfully intercepted and recorded phone call, Bailey discussed with the same co-conspirator getting heroin ready to sell to a drug customer, and the co-conspirator informed Bailey he was getting ready to put in an order for methamphetamine. Bailey said that was all they needed, and that the new source of supply of fentanyl pills had got in touch with Bailey and said they could get as many fentanyl pills as they wanted.

//

//

Plea Agreement - 9
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

vii.     On August 9, 2022, in a series of lawfully intercepted and recorded phone calls, Bailey discussed selling heroin to a redistributor and Bailey said he had six pounds of methamphetamine set aside.

viii.     On August 13, 2022, in a lawfully intercepted and recorded phone call, Bailey and Co-Defendant Y discussed completing a narcotics transaction with a co-conspirator, and that the co-conspirator had a firearm in the trunk of his vehicle when they met.

ix.     On August 14, 2022, in a lawfully intercepted and recorded phone call, Bailey and Co-Defendant Y told a co-conspirator about a meeting they attended at which the attendees discussed pooling money for drug trafficking, and that Bailey and Co-Defendant Y declined to participate in the plan to pool their drug proceeds because they moved more drugs than the other attendees.

x.     On August 15, 2022, in a lawfully intercepted and recorded phone call, Bailey and a co-conspirator discussed the co-conspirator ordering 10,000 fentanyl pills along with 15 ounces of heroin and four pounds of methamphetamine from Bailey, and that the final price would be $38,250. Bailey said he should have everything by the next morning.

xi.     On August 20, 2022, in a series of lawfully intercepted and recorded phone calls, Bailey discussed with the same co-conspirator an order for 50 pounds of methamphetamine and 10,000 fentanyl pills and Bailey delivering the drugs to Vancouver, Washington.

xii.     On August 22, 27, and 28, 2022, in a series of lawfully intercepted and recorded phone calls, a drug redistributor told Bailey that he wanted to purchase methamphetamine, but Bailey only had fentanyl pills available. They discussed narcotics prices and Bailey offered to sell fentanyl pills for 90 cents per pill. The redistributor ordered a large quantity of pills and 25 pounds of methamphetamine. The total price for the narcotics purchase was $41,700.

Plea Agreement - 10
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

xiii.    On August 24, 2022, in a lawfully intercepted and recorded phone call, Bailey and the co-conspirator with whom he partnered in selling drugs discussed a shipment of narcotics coming in that day, that heroin had been hard to sell, and that the co-conspirator had a potential new source of supply of fentanyl pills who offered to provide 100 colored pills as a sample and to sell 70,000 pills for $100,000.

xiv.    On August 22, 27, and 28, 2022, in a series of lawfully intercepted and recorded phone calls, Bailey and a drug redistributor discussed the redistributor losing pounds of methamphetamine along with heroin and fentanyl pills in a motorcycle crash and the redistributor ordering 20 pounds of methamphetamine and some heroin.

xv.    On November 25, 2022, in a series of lawfully intercepted and recorded phone calls, Bailey and a drug redistributor discussed meeting at the Muckleshoot Casino to conduct a narcotics transaction consisting of six pounds of methamphetamine and 20,000 fentanyl pills for $22,500.

xvi.    On December 14, 2022, in a series of lawfully intercepted and recorded phone calls, Bailey and a co-conspirator, who was a source of supply of fentanyl pills and methamphetamine, discussed the co-conspirator being searched by federal law enforcement officers. Following one of the calls, Bailey called the co-conspirator with whom he partnered in selling drugs and said that "our friend. . . just got raided by the FBI" and they seized "40 guns" and "almost a million pills."

xvii.    On December 14, 2022, in a lawfully intercepted and recorded phone call, Bailey and the co-conspirator with whom he partnered in selling drugs discussed a female who wanted to purchase 22,500 fentanyl pills for $18,000, a price of 80 cents per pill. Following the call, law enforcement observed a female meeting with the co-conspirator, after which, law enforcement seized approximately 22,500 pills from the female.

//

Plea Agreement - 11
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

b.      Beginning at a time unknown, and continuing until at least March 22, 2023, Bailey conspired with others, known and unknown, to commit money laundering offenses.

c.      Objects of the money-laundering conspiracy included conducting financial transactions involving the proceeds of the distribution of controlled substances knowing that the financial transactions were designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, and control of those proceeds, and knowing that the transactions were designed, in whole or in part, to avoid a transaction reporting requirement under federal law, knowing the property involved in the transactions represented proceeds of unlawful activity.

d.      Another object of the money-laundering conspiracy was to engage in monetary transactions involving more than $10,000 of proceeds of the distribution of controlled substances.

e.      In furtherance of the money-laundering conspiracy, Bailey engaged in at least the following conduct:

i.      Bailey and Co-Defendant Y inserted United States currency, which they had obtained as proceeds of the conspiracy to distribute controlled substances, into slot machines at one or more casinos, including Emerald Queen Casino, collected cash tickets following nominal gambling activity, and then cashed out the tickets to receive United States currency, all with the design to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds, including the insertion of $26,976 and $19,450 in United States currency into multiple player terminals at Emerald Queen Casino on September 27, 2022.

ii.      Bailey and Co-Defendant Y deposited United States currency, which comprised proceeds of the conspiracy to distribute controlled substances, in accounts including, without limitation, Boeing Employees' Credit Union ("BECU")

//

Plea Agreement - 12
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

account ending -5877, held in the name of Jesse J. Bailey, in amounts and frequencies designed to avoid federal transaction reporting requirements.

iii. Bailey and Co-Defendant Y deposited more than $10,000 in United States currency, which comprised proceeds of the conspiracy to distribute controlled substances, in accounts including, without limitation, Qualstar Credit Union ("Qualstar") account ending -700-22, held in the name of Jesse Bailey.

iv. Bailey and Co-Defendant Y transferred and withdrew more than $10,000 in funds, which were traceable to proceeds of the conspiracy to distribute controlled substances, from accounts including, without limitation, Qualstar account ending -700-22, held in the name of Jesse Bailey, for purposes including, without limitation, the purchase of cashier's checks

v. In total, at least $469,378 in cash, and at least $117,337.33 in peer-to-peer (P2P) payments, were deposited in BECU account -5877. Additionally, $75,000.00, in cash was deposited in Qualstar account -700-22. Bailey admits that these deposits represented proceeds of the drug-trafficking conspiracy described above.

vi. Bailey and Co-Defendant Y transferred more than $10,000 in United States currency and cashier's checks, which comprised and were traceable to proceeds of the conspiracy to distribute controlled substances, to businesses engaged in automobile sales, including the transfer of $17,553 in cash to CarMax Auto Superstores, Inc., in connection with the purchase of a 2019 Ram 1500 truck, the transfer of $20,000 in cash to CarMax Auto Superstores, Inc., in connection with the purchase of a 2018 Mercedes Benz C63 AMG, and the transfer of Qualstar cashier's check no. 0187844 in the amount of $75,000 to Larson Chrysler Jeep Dodge Ram in connection with the purchase of a 2021 Ram truck.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual

Plea Agreement - 13
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.    A base offense level of 38, pursuant to USSG § 2D1.1(c)(1), because the relevant conduct involved at least 90,000 kilograms of converted drug weight.

b.    ~~Not applicable~~  MS B4 JB

c.    A two-level increase, pursuant to USSG § 2D1.1(b)(12), for maintaining a drug premises for the purpose of manufacturing and/or distributing controlled substances;

d.    A two-level increase, pursuant to USSG § 2D1.1(b)(13)(B), for representing or marketing as a legitimately manufactured drug another mixture or substance containing fentanyl, with willful blindness or conscious avoidance of knowledge that such mixture or substance was not the legitimately manufactured drug;

e.    A two-level increase, pursuant to USSG § 2S1.1(b)(2)(B), because the defendant was convicted under 18 U.S.C. § 1956.

f.    A two-level increase, pursuant to USSG § 3B1.1(c), because the defendant was an organizer, leader, manager, or supervisor in the criminal activity.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11.    **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three

Plea Agreement - 14
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend at the time of sentencing that the appropriate total term of imprisonment to be imposed by the Court on all counts of conviction is a term of 210 months. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Interdependence of Plea Agreements.** Defendant acknowledges that the United States has conditioned its willingness to enter into this Plea Agreement on the Court's acceptance of the guilty plea and Plea Agreement by Candace Bailey in case number CR23-5085-DGE-6. As a result, if either Defendant or Candace Bailey fails to enter into, and plead guilty pursuant to the terms of, the respective Plea Agreements, or if either Defendant or Candace Bailey later seeks to withdraw their resulting guilty plea(s), the United States may, at its election, withdraw from either or both Plea Agreements. If the United States chooses to withdraw from this Plea Agreement under these circumstances, Defendant understands that the United States will seek an Indictment against both parties for all crimes for which the United States has sufficient evidence.

14. **Forfeiture of Assets.** Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case.

//

Plea Agreement - 15
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of his commission of *Conspiracy to Distribute Controlled Substances*, the offense charged in Count 1 of the Superseding Information, and any of Defendant's property that was used, or intended to be used, in any manner or part, to commit, or to facilitate his commission of, the offense. Such property is forfeitable pursuant to Title 21, United States Code, Section 853(a), and includes, but is not limited to:

a. a judgment for a sum of money (also known as a forfeiture money judgment) in the amount of $699,268.33 representing the proceeds Defendant obtained, directly and indirectly, as a result of his commission of the offense;

b. $210,781.00 in United States currency, seized from 2415 70th Ave W #16, University Place, Washington, on or about February 11, 2022;

c. $169,602.32 in United States currency seized from 612 Braecrest Circle, Steilacoom, WA, on or about March 22, 2023;

d. the following jewelry seized from 612 Braecrest Circle, Steilacoom, WA, on or about March 22, 2023:

- one rose gold ring with diamond;
- one set of rose gold earrings with diamonds;
- three white gold rings with diamonds;
- one pair of white gold earrings with princess cut diamond;
- one diamond bracelet halo style;
- one gold Indian necklace;
- one set of gold Indian dangle earrings;
- one pair of gold Indian post earrings;
- one gold Indian round pendant;

Plea Agreement - 16
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

- one gold Indian Marque shaped pendant;

- one gold ring with diamonds;

- one white gold oval double halo ring with diamond;

- one silver Figario chain; and

- one set of gold pearl earrings;

e.    the following jewelry seized from 612 Braecrest Circle, Steilacoom, WA, on or about March 22, 2023:

- one rose gold ring with diamond;

- one set of rose gold earrings with diamonds;

- three white gold rings with diamonds;

- one pair of white gold earrings with princess cut diamond;

- one diamond bracelet halo style;

- one gold Indian necklace;

- one set of gold Indian dangle earrings;

- one pair of gold Indian post earrings;

- one gold Indian round pendant;

- one gold Indian Marque shaped pendant;

- one gold ring with diamonds;

- one white gold oval double halo ring with diamond;

- one silver Figario chain; and

- one set of gold pearl earrings;

f.    the following firearms, firearm accessories, and ammunition seized from 2415 70th Ave W #16, University Place, WA, on or about February 11, 2022:

- one Glock 17 pistol with Spartan laser attached, bearing serial number UEA064;

- one Glock 21 GMBH pistol, bearing serial number MRS587;

Plea Agreement - 17
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

- one Heckler & Koch P30 pistol, bearing serial number 219-026609;

- one Heckler & Koch HK416 pistol, bearing serial number HB022788;

- one Glock 19 pistol, bearing serial number BRF-B706;

- one Stream Light Flashlight (attached to Glock 19);

- one Aero Precision X15 rifle, bearing serial number X384302;

- one Vortex Viper Optic scope (attached to Aero Precision X15 rifle);

- one Aero Precision EPC-9 rifle, bearing serial number SF-011187;

- one Vortex Sparc Optic scope (attached to Aero Precision EPC-9 rifle);

- four suppressors;

- one Aero Precision EPC-9 rifle, bearing serial number SF-031095;

- one Surefire KM-1 flashlight (attached to Aero Precision EPC-9 rifle);

- one Aero Precision Betsy rifle, bearing serial number BRM4-0529;

- one Vortex Venom Optic scope / DBL-1 laser light (attached to Aero Precision Betsy rifle);

- one Aero Precision M5 rifle, bearing serial number US156538;

- one Aero Precision M4E1 rifle, bearing serial number M4-0230395;

- one Aero Precision Freedom rifle, bearing serial number 14481-July4;

- three bipods (attached to Aero Precision Freedom rifle, Aero Precision M5 rifle and Aero Precision X15 rifle);

- one Aero Precision X15 rifle, bearing serial number X332532;

- one Polymer 80 handgun, bearing an unknown serial number;

- one Black AR15 style rifle, bearing an unknown serial number;

- one Trijicon SRS Optic scope (attached to Black AR15 style rifle);

- any associated ammunition;

- one box of loaded and unloaded magazines; and

- one bag with miscellaneous gun parts and four gun boxes.

//

Plea Agreement - 18
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

g. the following firearms, firearm accessories, and ammunition seized from 612 Braecrest Circle, Steilacoom, WA, on or about March 22, 2023:

- one Aero Precision M4E1 rifle, bearing serial number M4-0366318;
- one Aero Precision M4E1 rifle, bearing serial number M4-0471139;
- one Aero Precision M4E1 rifle, bearing serial number M4-0450049;
- one Aero Precision lower receiver;
- one Aero Precision receiver;
- one Aero Precision M4E1 TAC M4, bearing serial number TACM4-2195;
- one Aero Precision M4E1 rifle, bearing serial number M4-0368353;
- one Aero Precision EPC-9 pistol, bearing serial number SF-033812;
- one Aero Precision M4E1 rifle, bearing serial number M4-0325034;
- one Aero Precision M5 rifle, bearing serial number US215977;
- one Aero Precision M4E1 rifle, bearing serial number M4-0360417;
- one Aero Precision M4E1 rifle, bearing serial number M4-0368299;
- one Aero Precision M4E1 rifle, bearing serial number M4-0353992;
- one Aero Precision M4E1 rifle, bearing serial number M4-0366319;
- one Springfield Armory Hellcat Handgun, bearing serial number BY272728;
- one Aero Precision M4E1 rifle, bearing serial number M4-0359949;
- one Aero Precision JOD M4 rifle, bearing serial number JODM4-01914;
- one Benelli M4 12-gauge shotgun, bearing serial number Y184513S;
- one Aero Precision M5 rifle, bearing serial number US234252;
- one Heckler & Koch SP5 handgun, bearing serial number 271-017492;
- two Polymer80 PF940C handguns;
- one Heckler & Koch P30 handgun, bearing serial number 129-105809;

Plea Agreement - 19
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

- one Polymer80 handgun;

- five Polymer80 PF940V2 handguns;

- any associated magazines and ammunition; and

- one set of body armor with carrier and plates.

Defendant further agrees to forfeit to the United States immediately all of his right, title, and interest in any firearms or ammunition involved in or used in his commission of *Possession of a Firearm in Furtherance of a Drug Trafficking Crime,* the offense charged in Count 2 of the Superseding Information. Such property is forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to, the property listed in subparagraph f above.

Defendant further agrees to forfeit to the United States immediately all of his right, title, and interest in any property that was involved in, or traceable to property involved in, his commission of *Conspiracy to Commit Money Laundering,* the offense charged in Count 3 of the Superseding Information. Such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), and includes, but is not limited to, the property listed in subparagraphs a–e above.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim, directly or indirectly, to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or have been initiated. Defendant also agrees he

//

Plea Agreement - 20
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of, or were used or intended to be used to facilitate the commission of the offense charged in Count 1 of the Superseding Information; are firearms or ammunition involved in or used in his commission of the offense charged in Count 2 of the Superseding Information; or were involved in, or traceable to property involved in, the offense charged in Count 3 or the Superseding Information.

15.    **Abandonment of Contraband, Firearms, Firearm Accessories, Magazines, and Ammunition.** Defendant also agrees that, if any law enforcement agency seized any illegal contraband, firearms, firearm accessories, magazines, or ammunition—including the firearms and associated accessories, magazines, and ammunition identified in paragraph 9 (Statement of Facts) above—that were in Defendant's direct or indirect control, Defendant consents to the administrative disposition, official use, and/or destruction of that contraband or property.

16.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and to move, at the time of sentencing, to dismiss the Indictment as against Defendant. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of

//

Plea Agreement - 21
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

Plea Agreement - 22
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

18.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable).

Defendant also agrees that, by entering the guilty pleas required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction. Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

Plea Agreement - 23
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

19. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

21. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 20th day of November, 2024.

_____
JESSE JAMES BAILEY
Defendant

_____
BRENT HART
Attorney for Defendant

_____
VINCENT T. LOMBARDI
Assistant United States Attorney

_____
ZACHARY W. DILLON/MAX B. SHINER
Assistant United States Attorneys

Plea Agreement - 24
*United States v. Jesse James Bailey*, CR23-5085-DGE-1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800